STATE OF MAINE
PENOBSCOT, SS.

VINCENT LEE ROBINSON

V.

STATE OF MAINE

FILED AND ENTERED
SUPERIOR COURT

`13`

PENOBSCOT COUNTY

SUPERIOR COURT
CRIMINAL ACTION
DOCKET NO. CR-99-561

TDW-PEN-3/12/2001

**DECISION AND ORDER**

Vincent L. Robinson has brought a petition for post-conviction relief seeking to overturn his conviction based on alleged ineffectiveness of counsel. A hearing was held on the petition on March 8, 2001. At the hearing, the court denied ground five of the amended petition for the reasons stated on the record. Ground two having previously been dismissed, grounds one, three, four, and six remain to be decided.

Robinson was convicted of gross sexual assault and criminal restraint in Penobscot County CR-97-704 on March 17, 1998. He alleges that his conviction should be vacated because the counsel who represented him at trial and on appeal, Jeffrey Toothaker, was ineffective. To prevail on his petition, Robinson must show both (1) that there was serious incompetency, inefficiency, or inattention of counsel amounting to performance below what might be expected from an ordinary, fallible attorney and (2) that counsel's ineffective performance likely deprived the defendant of an otherwise available substantial ground of defense. Aldus v. State, 2000 ME 47, ¶ 12, 748 A.2d 463, 467; see State v. Brewer, 1997 ME 177 ¶ 15, 699 A.2d 1139, 1143-44 (petitioner must show that deficient performance of counsel "likely affected the outcome of the trial").

The court finds as follows:

<u>Ground One</u>

Robinson complains that Toothaker did not properly pursue an appeal with respect to certain DHS records that were excluded as evidence by the trial court. Having reviewed the relevant transcript sections and the brief filed by Toothaker on appeal, the court cannot fault Toothaker's performance on this issue. He in fact raised the issue on appeal, but the Law Court affirmed the trial court's ruling. <u>State v. Robinson</u>, 1999 ME 86, ¶¶ 19-21, 730 A.2d 684, 688-89. In the post conviction proceeding, no evidence or argument was offered as to what more Toothaker should have done on this issue. [1]

At the hearing Robinson complained that there had been little or no contact between him and Toothaker relating to the appeal. The court, however, credits Toothaker's testimony that there were numerous documented instances in which Robinson was consulted with respect to the issues to be raised on appeal.

<u>Ground Three</u>

Robinson contends that Toothaker failed to follow up on an opportunity to have an independent doctor review the videotape of the victim's injuries. On this issue, the court does not find Toothaker's performance to be deficient. As Toothaker testified at the hearing, it was the defendant's idea, six days before trial, to have an independent doctor review the tape, and Toothaker obtained the court's permission to do that. <u>See</u> Tr. of March 10, 1998 at 29-33. Toothaker also testified, however, that he had personally reviewed the tape and did not think that the proposed independent review would yield anything helpful to the

---

[1]The footnote in the Law Court opinion that is referenced in Robinson's original post-conviction petition does not indicate any failure by Toothaker but suggests an additional hurdle to Robinson's attempt to offer the records.

defense. Toothaker also convincingly testified that he believed that the theory behind such a review (i.e., that no rape had occurred) would have a counterproductive effect on the jury since Robinson's strongest defense was not that no rape had occurred, but that Robinson had not been the rapist.

In any event, when Toothaker tried to find a doctor to perform an independent review, all the doctors he contacted declined to participate once they learned that Dr. Ricci had already reviewed the tape, given their respect for Dr. Ricci and his reputation. Because trial was imminent, Toothaker did not pursue the issue further and informed Robinson that he had not been able to get a doctor who was willing to review the tape and that in any event, Toothaker thought pursuing this issue was not a good strategy.

Robinson now contends that Toothaker should have asked for a continuance to find a doctor willing to review the videotape. At the time, however, he acceded to Toothaker's decision not to pursue the issue further. Moreover, it was highly unlikely that any continuance would have been granted since a jury had already been selected and the court had not been sympathetic with what it viewed as Robinson's attempts to delay the proceedings. See, e.g., Tr. of February 23, 1998 at 11-12.

The court finds that at the time of trial, defendant went along with his counsel's tactical decision -- one that though ultimately unsuccessful appears to the court to have been well-advised -- not to pursue the videotape issue. Tactical decisions by defense counsel can provide a basis for post-conviction relief only when they are manifestly unreasonable. See State v. Brewer, 1997 ME 177 ¶ 24, 699 A.2d at 1145. Counsel's tactics here were

3

in no way unreasonable. [2]

Finally, Robinson has offered absolutely no evidence that having an independent doctor review the videotape would have led to a substantive ground of defense. His current argument that such a review could have led to evidence that the injuries did not result from rape or that the injuries occurred at a different time than alleged by the state is pure speculation.

### Ground Four

A review of the transcript of jury selection and of the subsequent interview of certain jurors on March 10, 1998 demonstrates that Toothaker was not deficient in not pursuing a change of venue argument when he filed Robinson's brief on appeal.

### Ground Six

The evidence at the post-conviction hearing and a review of the trial transcript demonstrate that defense counsel ultimately made a tactical decision not to object to a booking photograph offered by the state. See Trial Tr. Vol. I (March 6, 1998) at 122-25. Toothaker chose this course because the photograph in question was inconsistent in a material respect with the description offered by the victim. This tactical decision was not manifestly unreasonable. Moreover, counsel raised the issue of the potentially prejudicial effect of booking photographs generally with the court and when he did so, the trial court ordered the photo to be cropped to remove any indication that it was a booking photograph. See Trial Tr. Vol. I (March 16, 1998) at 124-25.

On this issue, therefore, Toothaker's performance also was

---

[2] Notably, the state decided not to introduce the videotape in part because of what it perceived as potential Rule 403 problems in terms of undue prejudice to Robinson. See Tr. March 10, 1998 at 30.

not deficient. Even if this were not so, the court finds that any failure to object to the booking photograph did not deprive the defense of a substantial ground of defense or potentially alter the outcome of the trial. It is evident from the record that once the bottom of the photo was cropped, the trial court would have found that the probative value of the photograph outweighed any danger of unfair prejudice, see Trial Tr. Vol. I (March 16, 1998) at 124-25, and this conclusion seems beyond question given that identification of Robinson as the rapist was a crucial issue in the case. Whatever tack defense counsel had taken, it is highly likely that the photo, as cropped, would have been admitted, and this is a second basis upon which ground six of the amended petition is rejected.

The entry will be:

Robinson's petition for post conviction review is DENIED in all respects.

DATED: March 12, 2001

Thomas D. Warren
Justice, Superior Court

Penobscot County Superior Court
97 Hammond Street
Bangor, Maine 04401


Vincent Lee Robinson, v. State of Maine
Docket No. CR-99-561


Attorneys of Record

Petitioner:

Randy Day, Esq.
181 Day Road
Garland, Maine 04939


Respondent:
Michael P. Roberts, Deputy District Attorney
Office of the District Attorney
97 Hammond Street
Bangor, Maine 04401